IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal No. ELH-15-0507 |
| STANLEY JEROME MACKLIN JR., | |
| *Defendant*. | |

## MEMORANDUM

Defendant Stanley Jerome Macklin, Jr., who is now pro se, filed a "Motion For Two Point Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)" (the "Motion"). ECF 113. The Motion is based on Amendment 821 to the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The government opposes the Motion. ECF 117. Defendant has not replied. The Federal Public Defender has declined to supplement the Motion. ECF 115.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

### I.   Background

Defendant was indicted on September 22, 2015 (ECF 3) and charged in nine counts with four armed robberies and unlawful possession of a firearm by a convicted felon. The offenses were charged under 18 U.S.C. §§ 1951(a), 924(c), and 922(g). *Id.*

Pursuant to a Plea Agreement (ECF 47), defendant entered a plea of guilty on December 20, 2016, to Count One, charging Hobbs Act Robbery on October 22, 2014. ECF 50. And, defendant agreed that he also committed three other armed robberies. ECF 47, ¶ 6; *see also id.* at 9.

The plea was entered under Fed. R. Crim. P. 11(c)(1)(C). *Id.* ¶¶ 9, 10. The parties disagreed as to whether defendant qualified as a career offender under U.S.S.G. § 4B1.1. *Id.* ¶ 6. But, they agreed to a sentence of 216 months (18 years) of imprisonment. *Id.* ¶¶ 9, 10.

Sentencing was held on March 24, 2017. ECF 55. The Amended Presentence Report (ECF 56) determined that defendant qualified as a career offender. *Id.* ¶ 47; *see id.* ¶¶ 54, 56, 57.

After deductions for acceptance of responsibility under U.S.S.G. § 3E1.1, defendant had a final offense level of 29. *Id.* ¶ 50. Defendant had a criminal history score of eleven points. *Id.* ¶ 60. But, because defendant committed the underlying offenses while under supervision in two criminal cases (*id.* ¶¶ 57, 59), two points were added under U.S.S.G. § 4A1.1(d). *Id.* ¶ 61. This resulted in a score of thirteen points, which yielded a criminal history category of VI. *Id.* ¶ 62. Alternatively, because defendant qualified as a career offender, he had a criminal history category of VI under U.S.S.G. § 4B1.1(b). *Id.* ¶ 63. The Guidelines called for a sentence ranging from 151 to 188 months of imprisonment. *Id.* ¶ 110.[1] The Court sentenced defendant to the agreed upon term of 216 months of imprisonment. ECF 57.

## II.   Discussion

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F. 4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United*

---

[1] In its opposition, the government cites "PSR ¶ 65." ECF 117 at 1. The government failed to provide an ECF number, and it seems to have overlooked that the "PSR" was amended. *See* ECF 49, ECF 56. Apparently relying on ECF 49, the government asserts that defendant had 16 criminal history points. *See* ECF 117 at 1. That is the total of criminal history points in ECF 49. *Id.* ¶ 65. But, ECF 56 reflects a total of 13 points. *Id.* ¶ 62.

*States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-

3

83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, not two, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels "[i]f the defendant meets all of the following criteria[.]" U.S.S.G. § 4C1.1(a). The criteria are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

4

>    **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>    **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

Relevant here, Amendment 821 modified the manner in which "status points" are added to criminal history points in two ways. First, the amendment decreased the number of points added for commission of a crime while under a criminal justice sentence from two points to one point for individuals with seven or more criminal history points. Second, the amendment eliminated status

5

points for those with six or fewer criminal history points. *See United States v. Williams*, 2024 WL 947841, at 1 (S.D.W. Va. Mar. 5, 2024). The provision has retroactive effect.[2]

The government contends that defendant's Motion "fails because this is not a case in which [defendant's] sentencing range 'has subsequently been lowered' due to Amendment 821." ECF 117 at 3. The government asserts that, without the two status points, defendant had fourteen criminal history points. *Id.* And, the government states, *id.*: "Even without the status points, at 14 criminal history points, the Defendant would be criminal history category VI. Because the Defendant's criminal history category remains VI independently of the status points, Amendment 821 has no impact on the criminal history category or advisory guidelines range here." *Id.*

The Amended Presentence Report (ECF 56) indicates that defendant had eleven criminal history points. *Id.* ¶ 60. Then, two status points were added, because defendant committed the underlying offense while under a criminal justice sentence for the offenses referenced in ECF 56, ¶¶ 57 and 59. *See id.* ¶ 61.

Under current sentencing law, however, defendant would be subject to only one status point, rather than two. *See* U.S.S.G. § 4A1.1(e). This would yield a total score of twelve criminal history points, which equates to a criminal history category of V. With an offense level of 29, and a criminal history category of V, the defendant's Guidelines would have been reduced to 140 to 175 months of imprisonment.

However, of import, and as indicated, defendant qualified as a career offender. *See* ECF 56, ¶¶ 54, 56, 57, 63. This would cause him to have a criminal history category VI, without regard to "status points." *See, e.g., United States v. Chapman*, JKB-13-0534, 2024 WL 1485946, at *1-

---

[2] Amendment 821 went into effect on November 1, 2023. It became retroactive on February 1, 2024.

6

2 (D. Md. Apr. 5, 2024) (Bredar, C.J.). (Because defendant's criminal history calculation was based on his status as a career offender, rather than on his criminal history points, defendant "cannot avail himself of Part A of Amendment 821.").

In other words, the status points that defendant received are of no legal significance here. This is because defendant's criminal history category is determined by his qualification as a career offender. And, because defendant had a final offense level of 29 (ECF 56, ¶ 50), with a criminal history category of VI, his Guidelines (*id.* ¶ 110) are unchanged.

For these reasons, I shall deny defendant's Motion. ECF 117. An Order follows.

Date:   November 14, 2025                     /s/
                                              Ellen L. Hollander
                                              United States District Judge